**In the Matter of I. J. KNIGHT REALTY CORP., Bankrupt.**

**HOME INSURANCE COMPANY**

v.

**Francis Shunk BROWN, 3rd, Trustee in Bankruptcy of I. J. Knight Realty Corp.**

**Civ. A. No. 39079.**

United States District Court
E. D. Pennsylvania.

March 20, 1969.

Thomas Raeburn White, Jr., White & Williams, Philadelphia, Pa., for Reading Company (and other fire loss claimants).

Arthur E. Newbold, III, Dechert, Price & Rhoads, Samuel Marx, Philadelphia, Pa., for Trustee in Bankruptcy.

Oscar Brown, Samuel Kagle, Philadelphia, Pa., for debtor-bankrupt.

OPINION

CLARY, Chief Judge.

The background of these cases is fully set forth in the published opinions of the case. Matter of I. J. Knight Realty Corp., 242 F.Supp. 337 (E.D.Pa.1965), 370 F.2d 624 (3d Cir. 1967), and Reading Company v. Brown, Trustee in Bankruptcy, et al., 391 U.S. 471, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968).

The matter is presently before the Court on the Petition of the Reading Company to consolidate and designate as protracted all of the cases of the fire claimants against the Trustee in Bankruptcy, and the Motion of the Trustee to stay or enjoin the litigation. The problem involved is whether those claimants who filed claims based on fire losses before the Referee in Bankruptcy as administrative expenses (a position upheld by the Supreme Court in the case cited supra) may now have these same claims transferred from the Referee to the Court and have them consolidated for trial by a jury with the one plenary suit filed in this District, Civil Action No. 39079, Home Insurance Company v. Francis Shunk Brown, 3rd, Trustee, etc. Stated more succinctly, the question presented for the Court is whether claimants who have filed administrative claims before the Referee may now have their claims heard by the Court and a jury. For the reasons hereinafter set forth, the

Petition of the Reading Company will be denied and the Motion of the Trustee to stay or enjoin the plenary suit will also be denied.

■ While there is no doubt in the mind of the Court that the Reading Company would have had in the first instance a right to institute a plenary suit, see 28 U.S.C. § 959(a), having chosen to present its claim to the Referee, it is bound by that determination. As the Court of Appeals stated in the case of Katchen v. Landy, 336 F.2d 535 (10th Cir. 1964) in speaking of a prior decision [1] of that Court on a substantially similar issue: " * * * We were furthermore of the opinion that the right to plenary suit being procedural, may be waived, i. e., see: O'Dell v. United States (10 C A), 326 F.2d 451, and having voluntarily invoked the summary jurisdiction of the bankruptcy court, the claimant could not thereafter limit the exercise of that jurisdiction over the subject matter by objection thereto. See Inter-State, supra, 221 F.2d p. 338; * * * "

This result is also consistent with the overall aims of the bankruptcy laws. In affirming the decision in the *Katchen* case, supra, the Supreme Court said in reference to the purposes and procedures of the Bankruptcy Act:

" * * * Moreover, this Court has long recognized that a chief purpose of the bankruptcy is 'to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period', * * *, and that provision for summary disposition, 'without regard to usual modes of trial attended by some necessary delay', is one of the means chosen by Congress to effectuate that purpose * * " (Citations omitted). Katchen v. Landy, 382 U.S. 323 (1965), at 328, 329, 86 S.Ct. 467, at 472, 15 L.Ed.2d 391.

The Court went on to say: "It is equally clear that the expressly granted power to 'allow', 'disallow', and 'reconsider' claims, * * *, which is of 'basic importance in the administration of a bankruptcy estate', * * *, is to be exercised in summary proceedings and not by the slower and more expensive processes of a plenary suit." (Citations omitted). Katchen v. Landy, supra, at 329, 86 S.Ct. at 472.

■ These passages make it abundantly clear that the Supreme Court considers the summary procedures authorized by the Bankruptcy Act to be highly preferable to plenary actions. Since the Reading Company has filed a claim for fire loss before the Referee in this matter, and since the Supreme Court has ruled that these fire losses are to be considered as administrative expenses of the bankruptcy, it is the opinion of this Court that it will be more consistent not only with the legal principles of Katchen v. Landy, but also with the overall purpose of the Bankruptcy Act for validity of the Reading Company's claim to be decided by the Referee in Bankruptcy and not by a Court and a jury.

This decision is also applicable to all other fire loss claimants, except Home Insurance Company. I do not reach the question as to whether the Home Insurance Company, by filing its claim before the Referee, has made an irrevocable election and must also present before the Referee the claim represented by Civil Action No. 39079. While the Home Insurance Company attempts to split its causes of action arising from different payments to different claimants, it is the opinion of the Court that this constitutes one claim made up of many parts.

I also do not reach, nor pass upon, the question of res adjudicata or collateral estoppel which may have to be decided in the future. It would be a vast waste of judicial time if the cases were heard in the first instance in this Court and an

1. The case to which the Court was addressing itself was Inter-State National Bank of Kansas City v. Luther, Trustee, 221 F.2d 382 (10th Cir. 1955), cert. granted 350 U.S. 810, 76 S.Ct. 77, 100 L.Ed. 726, cert. dismissed by stipulation of the parties, Id. 350 U.S. 944, 76 S.Ct. 297, 100 L.Ed. 823.

Appellate Court should decide, as it probably would, that the administrative claims should be heard by the Referee in the first instance and then brought before this Court on a Certificate of Review.

Under all the circumstances of the case, it is the decision of the Court that the Petition to consolidate the Reading Company claim and all other fire loss claims with the plenary action in this Court should be denied and the Motion of the Trustee to stay or enjoin the litigation in Civil Action No. 39079 should likewise be denied and it is so ordered.